# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

November 3, 2006

Nancy Mayer-Whittington, Clerk
1834 E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001-2802

Re: MDL-1796 -- In re Department of Veterans Affairs (VA) Data Theft Litigation

   *Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.,* D. District of Columbia,
      C.A. No. 1:06-1038
   *Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.,* E.D. Kentucky,
      C.A. No. 2:06-114
   *Michael Rosato, et al. v. R. James Nicholson, et al.,* E.D. New York, C.A. No. 1:06-3086

Dear Ms. Mayer-Whittington:

   I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

   The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

   A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

   The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/ Mecca Carter
Mecca S. Carter
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

        Transferee Judge:  Judge James Robertson

cc w/order only:    Transferee Chief Judge:  Judge Thomas F. Hogan

cc w/order and Rule 1.6, R.P.J.P.M.L.:

        Transferor Clerk(s):  Leslie G. Whitmer
                            Robert C. Heinemann

        Transferor Judge(s):  Judge William O. Bertelsman
                            Judge Eric N. Vitaliano

JPML Form 33

A CERTIFIED TRUE COPY

NOV 3 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*                NOV - 3 2006

*DOCKET NO. 1796*                FILED
                                  CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION*

> *Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.,* D. District of Columbia, C.A. No. 1:06-1038
> *Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.,* E.D. Kentucky C.A. No. 2:06-114
> *Michael Rosato, et al. v. R. James Nicholson, et al.,* E.D. New York, C.A. No. 1:06-3086

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

*TRANSFER ORDER*

This litigation currently consists of one action each in the District of District of Columbia, the Eastern District of Kentucky, and the Eastern District of New York. Defendants[1] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. Plaintiffs in the District of District of Columbia action support defendants' motion. Plaintiffs in the Eastern District of Kentucky action and the Eastern District of New York action oppose the motion and, alternatively, support transfer to the Eastern District of Kentucky.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are putative nationwide class actions that share allegations concerning a May 3, 2006, theft of a laptop computer and external hard drive from the home of an employee of the VA. The computer, and/or accompanying external hard drive, contained the names, dates of birth, and social security numbers of approximately 26 million veterans and active duty military personnel. Plaintiffs bring, inter alia, claims under the Privacy Act, 5 U.S.C. § 552a, against defendants. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The motion is made on behalf of defendants Department of Veterans Affairs (VA), VA Secretary R. James Nicholson, Deputy Secretary Gordon G. Mansfield, and VA employee John Doe, in their official capacities only.

- 2 -

Plaintiffs argue in opposition to Section 1407 centralization that there are a minimal number of actions involved and that alternatives to centralization, such as transfer under the "first to file" rule, are preferable to Section 1407 centralization. We disagree. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We are persuaded that the District of District of Columbia is a preferable transferee forum for this litigation. The District of District of Columbia is where likely relevant documents and witnesses may be found, inasmuch as many of the defendants are located in this district and the theft occurred in the Washington, D.C., metropolitan area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable James Robertson for coordinated or consolidated pretrial proceedings with the action already pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman