Eastern District of Kentucky
FILED
JUN - 7 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

PAUL HACKETT, :  CASE NO. 06-144-wob
1014 Vine Street, Suite 1690 :
Cincinnati, OH 45202 :
 :  JUDGE BERTELSMAN
MATTHEW W. PAGE :
473 Beaver Road :
Walton, KY 41094 :
 :
       Plaintiffs, :
 :
vs. :
 :
UNITED STATES DEPARTMENT :  **AMENDED CLASS ACTION**
OF VETERANS AFFAIRS, :  **COMPLAINT**
810 Vermont Avenue NW :
Washington, DC 20420, :
 :
R. JAMES NICHOLSON, Secretary :
of the United States Department of :
Veterans Affairs, officially and :
individually, :
810 Vermont Avenue NW :
Washington, DC 20420, :
 :
GORDON G. MANSFIELD, Deputy :
Secretary of the United States :
Department of Veterans Affairs, :
officially and individually, :
810 Vermont Avenue NW :
Washington, DC 20420, :
 :
and :
 :
JOHN DOE, employee of the :
United States Department of :
Veterans Affairs, officially and :
individually, :
c/o 810 Vermont Avenue NW :
Washington, DC 20420. :
 :
       Defendants. :
 :

## I. PRELIMINARY STATEMENT

1. Plaintiffs Paul Hackett and Matthew Page bring this action pursuant to the Privacy Act of 1974 and the Fourth and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on behalf of themselves and all others similarly situated against the United States Department of Veterans Affairs ("VA"), Secretary R. James Nicholson, Deputy Secretary Gordon H. Mansfield, and its employee, John Doe.[1]

2. Plaintiffs, veterans of the United States Marine Corps and United States Navy, respectively, are two of more than 28.5 million military veterans and active duty personnel whose private personal information, including Social Security numbers, were improperly, unlawfully, willfully and intentionally disclosed in at least three ways: (1) through the access and removal of data files containing the private personal information of more than 28.5 million veterans and active duty members from the VA facility by employee John Doe; (2) through the transfer of the data to external and unprotected disks and/or computers by John Doe; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. These disclosures, made without Plaintiffs' knowledge or consent, violate 5 U.S.C. § 552a(b).

3. These disclosures were the direct and proximate result of Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against any known or anticipated threats or hazards to the security and integrity of these

---

[1] Plaintiffs may also file an administrative charge alleging invasion of privacy pursuant to the Federal Tort Claims Act as required under 28 U.S.C. § 1346(b).

records in violation of 5 U.S.C. § 552a(e)(10).

4.     Subsequent to learning of these disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

5.     Defendants' disclosures of Plaintiffs' confidential Social Security numbers also violated Plaintiffs' right to privacy and personal security of their Social Security numbers under the Fourth and Fifth Amendments of the United States Constitution.

6.     As result of the Defendants' acts and omissions in disclosing and failing to protect Plaintiffs' private personal information, including their Social Security numbers, Plaintiffs and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information. The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights guaranteed under 5 U.S.C. § 552a and *Bivens*.

8.     Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

## III. PARTIES

9. Plaintiff Paul Hackett is a veteran of the United States Marine Corps released from active duty in 1992 and honorably discharged from service in 1999. He is a resident of Hamilton County, Ohio.

10. Plaintiff Matthew Page is a veteran of the United States Navy retired from active duty and honorably discharged from service in 2001. He is a resident of Boone County, Kentucky.

11. Defendant VA is a cabinet of the Executive Branch of the United States Government which, in the course of its duties, compiles and maintains records of all individuals discharged from a branch of the United States military and provides benefits and services to veterans, including among other things, pension payments and health care. Upon information and belief, Defendant VA also compiles and maintains records of some or all active duty members of the United States military.

12. Defendant R. James Nicholson is the duly-confirmed Secretary of United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

13. Defendant Gordon H. Mansfield is the duly-appointed Deputy Secretary of the United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to

protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

14. Defendant John Doe is a long-time employee of the VA who was assigned as a data analyst. Upon information and belief, John Doe engaged in conduct tantamount to a willful and intentional disclosure of and failure to protect the private personal information of Mr. Hackett, Mr. Page and the approximately 28.5 million other veterans and active duty personnel. He is sued in his official and individual capacities.

## IV. STATEMENT OF FACTS

15. In connection with their honorable discharges after service with the United States Marine Corps and United States Navy, Plaintiffs were required to provide the VA with their private personal information, including Social Security numbers.

16. On or about May 22, 2006, Secretary Nicholson publicly announced through worldwide media outlets that the private personal information of approximately 26.5 million veterans discharged after 1975 had been disclosed. Secretary Nicholson identified the private personal information of these veterans disclosed as their names, dates of birth, Social Security numbers, and, in some instances disability ratings and certain medical information. Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson publicly announced that the files also contained these individuals' addresses and telephone numbers.

17. On or about June 6, 2006, Secretary Nicholson publicly announced that the disclosure affected a much broader scope of individuals that initially reported on May 22, 2006, involving information of both veterans and active duty personnel. Specifically identified were 1.1 million active duty personnel, 430,000 members of the

National Guard, and 645,000 members of the Reserves. The private personal information of these individuals disclosed included names, addresses, telephone numbers, dates of birth, Social Security numbers, disability ratings, and upon information and belief, certain medical information.

18. Secretary Nicholson reported the disclosure was connected to an alleged burglary of the home of Defendant John Doe. Upon information and belief, on or about May 3, 2006, John Doe, a data analyst and long-time VA employee, had removed VA files containing private personal information of more than 28.5 million veterans and active duty personnel from the VA facility and taken it to his home. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

19. Upon information and belief, John Doe was able to easily access computer files containing private personal information of 28.5 million veterans and active personnel copy the files from the VA's system onto external disks and his personal computer. Upon further information and belief, John Doe had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA. John Doe's access to and duplication of this information was a disclosure in violation of 5 U.S.C. § 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any

anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

20. Upon information and belief, upon learning of the above-described disclosures, Secretary Nicholson and Deputy Secretary Mansfield unreasonably delayed reporting the disclosures to law enforcement agencies despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected veterans and active duty personnel. VA Inspector General George Opfer publicly stated that he was never formally notified of the disclosures, but rather heard about it through "gossip."

21. Three weeks after the alleged burglary, on or about May 22, 3006, Secretary Nicholson advised media outlets that the 26.5 million veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. He urged the veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions." Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson advised media outlets that the disclosures involved nearly 2.2 million active duty members of the military as well. Upon information and belief, Defendants have not yet individually notified the affected veterans.

22. Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office (GAO) gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform

gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of personal information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

23. The unauthorized and unconsented disclosure of an individual's name, address, telephone number, date of birth and Social Security number creates a substantial risk of identity theft. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

24. Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

25. Defendants' unauthorized and unconsented disclosures of Plaintiffs private personal information and the imminent and substantial risk of identity theft to which Plaintiffs has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or

hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans and active duty personnel with prompt and accurate notice of the disclosures.

26. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been exposed to a risk of substantial harm and inconvenience, and have incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

## V. CLASS ALLEGATIONS

27. Plaintiffs maintain this action on behalf of themselves and all individuals whose private personal information, including Social Security numbers, were disclosed by Defendants in May 2006 as described above.

28. The members of the putative class are so numerous that joinder of individual claims is impracticable. Moreover, there are significant questions of fact and issues of law common to the members of the putative class. These issues include whether Defendants failed to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, whether such failure was willful and intentional, whether the putative class members were adversely affected, and whether they incurred actual damages as result.

29. Plaintiffs' claims are typical of the claims of the putative class. Plaintiffs and all members of the putative class have been adversely affected and damaged in that their private information has been compromised and stolen.

30. The proposed class representatives will fairly and adequately represent the putative class because they have the class members' interest in mind, their individual claims are co-extensive with and identical to those of the class, and because they are represented by qualified counsel experienced in class action litigation of this nature.

31. A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joinder of the claims of all members of the putative class is impracticable. Most members of the class are without the financial resources necessary to pursue this matter. Even if some members of the class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendants' actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

32. The putative class may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants to follow.

33. The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

34. The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

## VI. STATEMENT OF CLAIMS

### COUNT ONE

35. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 34 herein above.

36. The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Plaintiffs' Social Security numbers in violation of 5 U.S.C. § 552a(b).

### COUNT TWO

37. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 36 herein above.

38. The foregoing acts and omissions of Defendant VA constitutes a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiff's private personal records in violation of 5 U.S.C. § 552a(e)(10).

### COUNT THREE

39. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 38 herein above.

40.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to privacy in their Social Security numbers under the Fourth and Fifth Amendments to the United States Constitution.

### COUNT FOUR

41.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 40 herein above.

42.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to personal security under the Fourth and Fifth Amendments to the United States Constitution.

### COUNT FIVE

43.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 42 herein above.

44.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe deprived Plaintiffs of their right to procedural and substantive due process under the Fifth Amendment to the United States Constitution.

### COUNT SIX

45.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 44 herein above.

46.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe were done in deliberate indifference to rights guaranteed to Plaintiffs under the Fourth and Fifth Amendments to the United States Constitution.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendants as follows:

a.  For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.  For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against anticipated threats or hazards to the security and integrity of these records.

c.  For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed class under the Court's supervision;

d.  For an award of damages for Plaintiffs and each affected class member in an amount no less than $1,000.00;

e.    For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the putative class in prosecuting this matter; and

f.    For an award of such other relief in law and equity to which Plaintiffs and the members of the putative class may be entitled under the premises.

Respectfully submitted,

**MEZIBOV & JENKINS, CO. L.P.A**

_/s/_

MARC D. MEZIBOV (Ohio Bar No. 0019316)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
mmezibov@mezibovjenkins.com

Attorney for Plaintiffs

Of Counsel:
**MEZIBOV & JENKINS, CO. L.P.A**
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
STACY A. HINNERS (Ohio Bar No. 0076458)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
cjenkins@mezibovjenkins.com
shinners@mezibovjenkins.com

**MURDOCK, GOLDENBERG, SCHNEIDER & GROH LPA**
JOHN C. MURDOCK (Ohio Bar No. 0063749)
JEFFERY S. GOLDENBERG (Ohio Bar No. 0063771)
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 345-8291
Telecopier: (513) 345-8294
jmurdock@mgsglaw.com
jgoldenberg@mgsglaw.com

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was filed with the Clerk and served to the following via regular U.S. mail on this 7th day of June 2006: John C. Murdock and Jeffery S. Goldenberg, 35 E. Seventh Street, Suite 600, Cincinnati, OH 45202; Alberto Gonzalez, United States Attorney General, Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, 110 West Vine Street, Suite 400, Lexington, KY 40507-1671; United States Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20420; R. James Nicholson, 810 Vermont Avenue NW, Washington, DC 20420; Gordon G. Mansfield, 810 Vermont Avenue NW, Washington, DC 20420.

MARC D. MEZIBOV (Ohio Bar No. 0019316)