58VA21/22

System name: Compensation, Pension, Education and Rehabilitation
    Records-VA.

   System location:
   Records are maintained at the VA regional offices, the VA Records
Processing Center, St. Louis, Missouri and the Data Processing Center
at Hines, Illinois, with subsidiary accounts receivable records
located at the Data Processing Center at St. Paul, Minnesota. Active
records are generally maintained by the regional offices having
jurisdiction over the domicile of the claimant. Address locations are
listed in the VA Appendix I. The automated individual employee
productivity records are temporarily maintained at the VA data
processing facility serving the office in which the employee is
located. The paper record is maintained at the VA regional office
having jurisdiction over the employee who processed the claim.
Records provided to the Department of Housing and Urban Development
(HUD) for inclusion on its Credit Alert Interactive Voice Response
System (CAIVRS) are located at a data processing center under
contract to HUD at Reston, Virginia.
   Categories of individuals covered by the system:
   The following categories of individuals will be covered by this
system.
   1. Veterans who have applied for compensation for service-
connected disability under 38 U.S.C. Chapter 11.
   2. Veterans who have applied for nonservice-connected disability
under 38 U.S.C. chapter 23.
   3. Veterans entitled to burial benefits under 38 U.S.C. chapter
15.
   4. Surviving spouses and children who have claimed pension based
on service-connected death of a veteran under 38 U.S.C. chapter 15.
   5. Surviving spouses and children who have claimed pension based
on service-connected death of a veteran under 38 U.S.C. chapter 11.
   6. Surviving spouses and children who have claimed dependency and
indemnity compensation for service-connected death of a veteran under
38 U.S.C. chapter 13.
   7. Parents who have applied for death compensation based on
service-connected death of a veteran under 38 U.S.C. chapter 11.
   8. Parents who have applied for dependency and indemnity
compensation for service-connected death of a veteran under 38 U.S.C.
chapter 13.
   9. Veterans who have applied for VA educational benefits under 38
U.S.C. chapters 31, 32, and 34.
   10. Spouses, surviving spouses and children of veterans who have
applied for VA educational benefits under 38 U.S.C. chapter 35.
   11. Service members who have applied for educational benefits
under 38 U.S.C. chapters 34 and 35.
   12. Service members who have contributed money from their
military pay to the Post-Vietnam Era Veterans Education Account under
38 U.S.C. chapter 32.
   13. Individuals who have applied for title 38 benefits but who do
not meet the requirements under 38 U.S.C. to receive such benefits.
   14. Veterans, service members, spouses, surviving spouses and
dependent children who have applied for benefits under the
Educational Assistance Test program under sections 901 and 903 of
Pub. L. 96-342.
   15. Veterans who apply for training and employers who apply for
approval of their programs under the provisions of the Emergency
Veterans' Job Training Act of 1983, Pub. L. 98-77.
   16. Veterans, service members and eligible reservists who apply
for benefits under 38 U.S.C. chapter 30.
   17. Eligible members of the Selected Reserve who apply for



EXHIBIT 14

benefits under 10 U.S.C. chapter 106.

18. Any VA employee who generates or finalizes adjudicative actions using the TARGET computer processing.

19. Veterans who apply for training and employers who apply for approval of their programs under the provisions of the Service Members Occupational Conversion and Training Act of 1992, Pub. L. 102-484.

20. Representatives of individuals covered by the system.

Categories of records in the system:

The record, or information contained in the record, may include identifying information (e.g., name, address, social security number); military service and active duty separation information (e.g., name, service number, date of birth, rank, sex, total amount of active service, branch of service, character of service, pay grade, assigned separation reason, whether veteran was discharged with a disability, served in Vietnam Conflict, reenlisted, received a Purple Heart of other military decoration); payment information (e.g., veteran payee name, address, dollar amount of readjustment service pay, amount of disability or pension payments number of nonpaydays, any amount of indebtedness (accounts receivable) arising from title 38 U.S.C. benefits and which are owed to the VA); medical information (e.g., medical and dental treatment in the Armed Forces including type of service-connected disability, medical facilities or by VA health care personnel or received from private hospitals and health care personnel relating to a claim for VA disability benefits or medical or dental treatment); personal information (e.g., martial status, name and address of dependents, occupation, amount of education of a veteran or a dependent, dependent's relationship to veteran); education benefit information (e.g., information arising from utilization or training benefits such as a veteran trainee's induction, reentrance or dismissal from a program or progress and attendance in an education or training program); applications for compensation, pension, education and rehabilitation benefits and training which may contain identifying information, military service and active duty separation information, payment information, medical and dental information, personal and education benefit information relating to a veteran or beneficiary's incarceration in a penal institution (e.g., name of incarcerated veteran or beneficiary, claims file number, name and address of penal institution, date of commitment, type of offense, scheduled release date, veteran's date of birth, beneficiary relationship to veteran and whether veteran or beneficiary is in a work release or half way house program, on parole or has been released from incarceration).

The VA employee's Target Access Card number, the number and kind of actions generated and/or finalized by each such employee, the compilation of cases returned for each employee.

Authority for maintenance of the system:

Title 38, United States Code, section 501(a) and Chapters 11, 13, 15, 18, 23,30, 31, 32, 34, 35, 36, 39, 51, 53, 55.

Purpose(s):

Veterans, and their survivors and dependents, file claims for a wide variety of Federal veteran's benefits administered by VA at VA facilities located throughout the nation. See the statutory provisions cited in ''Authority for maintenance of the system.<gr-thn-eq> Va gathers, or creates, these records in order to enable it to administer these statutory benefits programs.

Routine uses of records maintained in the system, including categories of users and the purposes of such uses:

1. The record of an individual who is covered by this system may be disclosed to a member of Congress or staff person acting for the member when the member or staff person requests the record on behalf of and at the request of that individual.

2. Any information in this system may be disclosed to a Federal agency, upon its official request, to the extent that it is relevant and necessary to that agency's decision regarding: The hiring, retention or transfer of an employee; the issuance of a security

clearance, the letting of a contract, or the issuance or continuance of a license, grant or other benefit given by that agency. However, in accordance with an agreement with the U.S. Postal Service, disclosures to the U.S. Postal Service for decisions concerning the employment of veterans will only be made with the veteran's prior written consent.

3. Any written information in this system may be disclosed to a State or local agency, upon official request, to the extent that it is relevant and necessary to that agency's decision on: The hiring, retention or transfer of an employee, the issuance of a security clearance, the letting of a contract, or the issuance or continuance of a license, grant or other benefit by that agency; provided, that if the information pertains to a veteran, the name and address of the veteran will not be disclosed unless the name and address is provided first by the requesting State or local agency.

4. Any information in this system, except for the name and address of a veteran, which is relevant to a suspected violation or reasonably imminent violation of law, whether civil, criminal or regulatory in nature and whether arising by general or program statute or by regulation, rule or order issued pursuant thereto, may be disclosed to a Federal, State, local or foreign agency charged with the responsibility of investigating or prosecuting such violation, or charged with enforcing or implementing the statute, rule, regulation or order issued pursuant thereto.

5. The name and address of a veteran, which is relevant to a suspected violation or reasonably imminent violation of law, whether civil, criminal or regulatory in nature and whether arising by general or program statute or by regulation, rule or order issued pursuant thereto, may be disclosed to a Federal agency charged with the responsibility of investigation or prosecuting such violation or charged with enforcing or implementing the statute, regulation, rule or order issued pursuant thereto, in response to its official request.

6. The name and address of a veteran, which is relevant to a suspected violation or reasonably imminent violation of law concerning public health or safety, whether civil, criminal or regulatory in nature and whether arising by general or program statute or by regulation, rule or order issued pursuant thereto, may be disclosed to any foreign, State or local governmental agency or instrumentality charged under applicable law with the protection of the public health or safety if a qualified representative of such organization, agency or instrumentality has made a written request that such name and address be provided for a purpose authorized by law.

7. The name, address, entitlement code (e.g., compensation or pension), period(s) of service, sex, and date(s) of discharge may be disclosed to any nonprofit organization if the release is directly connected with the conduct of programs and the utilization of benefits under title 38 U.S.C. Disclosures may be in the form of a computerized list.

8. Any information in this system, except for the name and address of a veteran, may be disclosed to a Federal agency in order for the VA to obtain information relevant to the issuance of a benefit under title 38 U.S.C. The name and address of a veteran may be disclosed to a Federal agency under this routine use if they are required by the Federal agency to respond to the VA inquiry.

9. Any information in this system may be disclosed in connection with any proceeding for the collection of an amount owed to the United States by virtue of a person's participation in any benefit program administered by the Veterans Administration when in the judgment of the Administrator, or official generally delegated such authority under standard agency delegation of authority rules (38 CFR 2.6), such disclosure is deemed necessary and proper, in accordance with 38 U.S.C. 3301(b)(6).

10. The name and address of a veteran, and other information as is reasonably necessary to identify such veteran, may be disclosed to

a consumer reporting agency for the purpose of locating the veteran, or, obtaining a consumer report to determine the ability of the veteran to repay an indebtedness to the United States arising by virtue of the veteran's participation in a benefits program administered by the VA, provided that the requirements of 38 U.S.C. 3301(g)(2) have been met.

11. The name and address of a veteran, other information as is reasonably necessary to identify such veteran, including personal information obtained from other Federal agencies through computer matching programs, and any information concerning the veteran's indebtedness to the United States by virtue of the person's participation in a benefits program administered by the VA may be disclosed to a consumer reporting agency for purposes of assisting in the collection of such indebtedness, provided that the provision of 38 U.S.C. 3301(g)(4) have been met.

12. Any information in this system, including available identifying information regarding the debtor, such as name of debtor, last known address or debtor, VA insurance number, VA loan number, VA claim number, place of birth, date of birth of debtor, name and address of debtor's employer or firm and dates of employment may be disclosed, under this routine use, except to consumer reporting agencies, to a third party in order to obtain current name, address, locator, and credit report in connection with any proceeding for the collection of an amount owed to the United States by virtue of a person's participation in any VA benefit program when in the judgment of the Administrator such disclosure is deemed necessary and proper. This purpose is consistent with the Federal Claims Collection Act of 1966 (Pub. L. 89-508, 37 U.S.C. 951-953 and 4 CFR parts 101-105 and 38 U.S.C. 3301(b)(6).

13. Any information in this system, including the nature and amount of a financial obligation, may be disclosed to a debtor's employing agency or commanding officer so that the debtor-employee may be counseled by his or her Federal employer or commanding officer and to assist in the collection of unpaid financial obligations owed the VA. This purpose is consistent with 5 U.S.C. 5514, 4 CFR 102.5, and section 206 of Executive Order 11222 of May 8, 1965 (30 FR 6469).

14. Payment information may be disclosed to the Department of the Treasury, in accordance with its official request, to permit delivery of benefit checks to veteran-payees.

15. Military service and active duty separation information, and identifying information may be disclosed to a State unemployment compensation agency to the extent required to determine eligibility for its benefits, provided the name and address of the individual to whom the record pertains are provided by the State agency. The purpose for this disclosure is consistent with 5 U.S.C. 8523.

16. Medical information may be disclosed in response to a request from the superintendent of a State hospital for psychotic patients, a commissioner or head of a State department of mental hygiene, or a head of a State, county or city health department or any fee basis physician or sharing institution in direct connection with authorized treatment for a veteran provided the name of the individual to whom the record pertains is given and the information will be treated as confidential, as is customary in civilian professional medical practice.

17. The name, address, VA file number, effective date of compensation or pension, current and historical benefit pay amounts for compensation or pension, service information, date of birth, competency payment status, incarceration status, and social security number of veterans and their surviving spouses may be disclosed to the following agencies upon their official request: Department of Defense, Defense Manpower Data Center; Marine Corps; Department of Transportation (Coast Guard); PHS (Public Health Service), NOAA (National Oceanic and Atmospheric Administration), Commissioned Officer Corps in order for these departments and agencies and VA to reconcile the amount and/or waiver of service, department and retired pay. These records may also be disclosed as a part of an ongoing

computer matching program to accomplish these purposes. This purpose is consistent with 10 U.S.C. 684, 38 U.S.C. 3101, 38 U.S.C. 3104 and 38 U.S.C. 3301.

18. The amount of pension, compensation, dependency and indemnity compensation, educational assistance allowance, retirement pay and subsistence allowance of any veteran identified to the VA may be disclosed to any person who applies for such information.

19. Identifying, personal, payment and medical information may be disclosed to a Federal, State, or local government agency at the request of a veteran in order to assist the veteran and insure that all of the title 38 U.S.C. or other benefits to which the veteran is entitled are received. This information may also be disclosed without a request from the veteran, to a Federal agency, upon its official request or to a State or local agency provided the name and address of the veteran is given beforehand by the State or local agency in order to assist the veteran in obtaining a non-title 38 U.S.C. benefit to which the veteran is entitled.

20. Any information in this system which directly affects payment or potential payment of benefits to contesting claimants, including parties claiming an apportioned share of benefits, may be coequally disclosed to each affected claimant upon request from that claimant in conjunction with the claim for benefits sought or received.

21. Any information in this system such as identifying information, nature of a claim, amount of benefit payments, percentage of disability, income and medical expense information maintained by VA which is used to determine the amount payable to recipients of VA income dependent benefits and personal information, may be disclosed to the Social Security Administration, Bureau of Supplemental Security Income, upon its official request, in order for that agency to determine eligibility regarding amounts of social security benefits, or to verify other information with respect thereto. These records may also be disclosed as part of an ongoing computer matching program to accomplish this purpose.

22. Identifying information in this system may be disclosed at the request of a veteran to a third party having information relevant to a claim, such as an employer or school, in order to obtain information from the third party to the extent necessary to develop a veteran's claim for VA benefits.

23. Medical data (excluding the name and address of a veteran unless the name and address are furnished by the requestor) may be disclosed to epidemiological and other research facilities approved by the Chief Medical Director to obtain data from those facilities necessary to assist in medical studies on veterans for the Veterans Administration or for any research purposes determined to be necessary and proper by the Chief Medical Director.

24. The name(s) and address(es) of a veteran may be disclosed to another Federal agency or to a contractor of that agency, at the written request of the head of that agency or designee of the head of that agency for the purpose of conducting government research necessary to accomplish a statutory purpose of that agency.

25. Any information in this system relevant to a veteran's claim such as the name, address, the basis and nature of a claim, amount of benefit payment information, medical information and military service and active duty separation information may be disclosed at the request of the veteran to accredited service organizations, VA-approved claims agents and attorneys acting under a declaration of representation so that these individuals can aid veterans in the preparation, presentation and prosecution of claims under the laws administered by the VA. The name and address of a veteran will not, however, be disclosed to these individuals under this routine use if the veteran has not requested the assistance of an accredited service organization, claims agent or an attorney.

26. Identifying and payment information may be disclosed, upon the request of a Federal agency, to a State or local government agency, to determine a beneficiary's eligibility under programs provided for under Federal legislation and for which the requesting

Federal agency has responsibility. These records may also be disclosed as a part of an ongoing computer matching program to accomplish these purposes. This purpose is consistent with 38 U.S.C. 3301.

27. Any information in this system such as the amount of benefit or disability payments and medical information may be disclosed in the course of presenting evidence to a court, magistrate, or administrative authority, in matters of guardianship, inquests, and commitments, to private attorneys representing veterans rated incompetent in conjunction with issuance of Certificates of Incompetency, and to probation and parole officers in connection with court-required duties.

28. Any information in this system including medical information, the basis and nature of claim, the amount of benefits and personal information may be disclosed to a VA Federal fiduciary or a guardian ad litem in relation to his or her representation of a veteran only to the extent necessary to fulfill the duties of the VA Federal fiduciary or the guardian ad litem.

29. Any relevant information (including changes in disability ratings) may be disclosed to the Department of Justice and United States Attorneys in the defense or prosecution of litigation involving the United States, and to Federal agencies upon their request in connection with review of administrative tort claims and potential tort claims filed under the Federal Tort Claims Act, 28 U.S.C. 2672, the Military Claims Act, 10 U.S.C. 2733, and other similar claims statutes.

30. Any information in this system may be disclosed to a Federal grand jury, a Federal court or a party in litigation, or a Federal agency or party to an administrative proceeding being conducted by a Federal agency, in order for the VA to respond to and comply with the issuance of a Federal subpoena.

31. Any information in this system may be disclosed to a State or municipal grand jury, a State or municipal court or a party in litigation, or to a State or municipal administrative agency functioning in a quasi-judicial capacity or a party to a proceeding being conducted by such agency, in order for the VA to respond to and comply with the issuance of a State or municipal subpoena; provided, that any disclosure of claimant information made under this routine use must comply with the provisions of 38 CFR 1.511.

32. Any information in this system including the name, social security number, date of birth, delimiting date and remaining entitlement of VA educational benefits, may be disclosed to the ED (Department of Education), upon its official request, or contractor thereof, for specific use by the ED to validate information regarding entitlement to VA benefits which is submitted by applicants who request educational assistance grants from the ED. Such information will not be used for any other purpose by the ED or contractor thereof.

33. VA educational forms and letters which contain identifying information about a veteran may be disclosed at the request of the veteran to a VA-approved education or training establishment to assist the veteran in the completion of claims forms or for the VA to obtain further information from the educational or training establishments as may be necessary for the VA to properly process the veteran trainee's claim or to monitor the trainee's progress.

34. Identifying and payment information may be disclosed to a VA-approved educational or training establishment at the request of the veteran in order for the VA to obtain sufficient information necessary to pay the veteran or the educational or training establishment the correct monetary amounts in an expeditious manner. However, this information will not be provided under this routine use to an educational or training establishment when the request is clearly an attempt by that establishment to seek assistance in collection attempts against the veteran.

35. Identifying information and information regarding the induction, reentrance and dismissal of a disabled veteran from a

vocational rehabilitation program may be disclosed at the request of the veteran to a VA-approved vocational rehabilitation training establishment to insure that the trainee receives the maximum benefit from training.

36. Identifying information and information regarding the extent and nature of a veteran's disabilities with respect to any limitations to be imposed on the veteran's vocational programs may be disclosed at the request of the veteran to a VA-approved vocational rehabilitation training establishment to insure that the trainee receives the maximum benefit from training.

37. Information regarding the type and amount of training/education received, and the name and address of a veteran, may be disclosed at the request of a veteran to local and State agencies and to prospective employers in order to assist the veteran in obtaining employment or further training.

38. The name, claims file number and any other information relating to a veteran's or beneficiary's incarceration in a penal institution and information regarding a dependent's right to a special apportionment of the incarcerated individual's VA benefit payment may be disclosed to those dependents who may be eligible for entitlement to such apportionment in accordance with 38 U.S.C. 504, 1682, 1780, and 3113.

39. The name, claims file number and any other information relating to a veteran or beneficiary who may be incarcerated in a penal institution may, pursuant to an arrangement, be disclosed to penal institutions or to correctional authorities in order to verify information concerning the veteran's or beneficiary's incarceration status. The disclosure of this information is necessary to determine that individual's continuing eligibility as authorized under 38 U.S.C. 504, 1682, 1780 and 3113.

40. Names and addresses, and other identifying data including the Social Security number, of surviving spouses, children and parents of deceased veterans may be released from this system of records to the Department of Defense (DOD) upon its official request in order for DOD to identify individuals eligible for health care benefits administered by the DOD, or to collect or verify information necessary for DOD facility planning, personnel studies, capitalization budgeting and post exchange, commissary and housing studies.

41. Identifying infomation including names and addresses, entitlement code, payee social security number, file number, payee number, regional office number, income for VA pension-determination purposes and pension net award may be released to the Department of Agriculture upon its official request for the purpose of a matching program designated USDA/OIG-6 for verification by the Department of Agriculture of applicants' eligibility for food stamps to reduce unauthorized payments in the food stamp program, and to collect debts owed to the United States Government. This anti-fraud matching program is being performed pursuant to the Department of Agriculture's Inspector General authority under Pub. L. 95-452, section 4(a), to detect and prevent fraud and abuse.

42. Any information concerning the veteran's indebtedness to the United States by virtue of a person's participation in a benefits program administered by the VA, including personal information obtained from other Federal agencies through computer matching programs, may be disclosed to any third party, except consumer reporting agencies, in connection with any proceeding for the collection of any amount owed to the United States. Purposes of these disclosures may be to (a) assist the VA in collection of title 38 benefit overpayments overdue indebtedness, and/or costs of services provided individuals not entitled to such services, and (b) initiate legal actions for prosecuting individuals who willfully or fraudulently obtain title 38 benefits without entitlement. This disclosure is consistent with 38 U.S.C. 3301(b)(6).

43. Identifying information, except for the name and address of a veteran, may be disclosed to a State agency for the purpose of

conducting a computer match to determine if income and employment data are being properly reported to the VA and to detect the unwarranted payment of benefits under title 38 U.S.C.

44. Identifying, disability, and award (type, amount and reasons for award) information may be released to the DOL (Department of Labor) in order for the DOL to conduct a computer matching program against the `Office of Workers' Compensation Programs Federal Employees Compensation File, DOL/ESA-13,` published in 46 FR 12357 on February 13, 1981. This match will permit the DOL to verify a person's eligibility for DOL payments as well as to detect situations where recipients may be erroneously receiving concurrent multiple payments from the DOL and the VA, to identify areas where legislative and regulatory amendments directed toward preventing overpayments are needed, and to collect debts owed to the United States Government. This matching program is performed pursuant to the DOL Inspector General's authority under Pub. L. 95-452, section 4(a) to detect and prevent fraud and abuse. This disclosure is consistent with 38 U.S.C. 3301(b)(3).

45. The beneficiary's name, address, social security number and the amount (excluding interest) of any indebtedness waived uner 38 U.S.C. 3102, or compromised under 4 CFR part 103 may be disclosed to the Treasury Department, Internal Revenue Service, as a report of income under 26 U.S.C. 61(a)(12).

46. Identifying information, including social security number, concerning veterans and the dependents of veterans, except for the name and address, may be disclosed to a Federal, State, County or Municipal agency for the purpose of conducting computer matches to obtain information to validate the entitlement of a veteran or a dependent of a disabled or deceased veteran, who is receiving or has received veterans benefits under Title 38, United States Code. The name and address of veterans may also be disclosed to a Federal agency under this routine use if required by the Federal agency in order to provide information.

47. Identifying information, including the initials and abbreviated surname, the social security number, the date of birth and coding indicating the category of the individual's records, the degree of disability, the benefit program under which benefits program under which benefits are being paid and the computed amount of VA benefits for a calendar year may be released to the Department of the Treasury, Internal Revenue Service (IRS) in order for IRS to conduct a computer matching program against the Internal Revenue Service's Forms 1040, Schedule R, Credit for the Elderly and the Permanently and Totally Disabled. This match will permit IRS to determine the eligibility for and the proper amount of Elderly and Disabled Credits claimed on IRS Form 1040, Schedule R. This matching program is performed pursuant to the provisions of Internal Revenue Code Section 7602. This disclosure is consistent with 38 U.S.C. 3301(b)(3).

48. Identifying information, such as name, social security number, VA claim number, date and place of birth, etc., in this system may be disclosed to an employer or school having information relevant to a claim in order to obtain information from the employer or school to the extent necessary to determine that eligibility for VA compensation or pension benefits continues to exist or to verify that there has been an overpayment of VA compensation or pension benefits. Any information in this system also may be disclosed to any of the above-entitled individuals or entities as part of ongoing computer matching programs to accomplish these purposes.

49. The name of a veteran, or other beneficiary, other information as is reasonably necessary to identify such individual, and any other information concerning the individual's indebtedness by virtue of a person's participation in a benefits program administered by the VA, may be disclosed to the Treasury Department, Internal Revenue Service, for the collection of Title 38, U.S.C. benefit overpayments, overdue indebtedness, and/or costs of services provided to an individual not entitled to such services, by the withholding of

all or a portion of the person's federal income tax refund.

50. Veterans' addresses which are contained in this system of records may be disclosed to the Department of Defense Manpower Data Center, upon its official request, for military recruiting command needs, Department of Defense civilian personnel offices' mobilization studies and mobilization information, debt collection, and Individual Ready Reserve (IRR) Units' locator services.

51. The name, address, VA file number, date of birth, date of death, social security number, and service information may be disclosed to the Defense Manpower Data Center. The Department of Defense will use this information to identify retired veterans and dependent members of their families who have entitlement to Department of Defense benefits but who are not identified in the Department of Defense Enrollment Eligibility Reporting System (DEERS) program and to assist in determining eligibility for Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) benefits. This purpose is consistent with 38 U.S.C. 3301. These records may also be disclosed as part of an ongoing computer matching program to accomplish this purpose.

52. The name, address, VA file number, social security number, sex of veteran, date(s) of birth of the veteran and dependents, current benefit pay amounts for compensation or pension, pay stlatus, check amount, aid and attendance status, veteran and spouse annual income amounts and type and combined degree of disability will be disclosed to the Department of Health and Human Services. The Social Security Administration will use the data in the administration of the supplemental security income (SSI) payment system as prescribed by Pub. L. 92-603. These records may also be disclosed as part of an ongoing computer matching program to accomplish these purposes. This purpose is consistent with 38 U.S.C. 3301.

53. The names and current addresses of VA beneficiaries who are identified by finance centers of individual uniformed services of the Department of Defense and the Department of Transportation (Coast Guard) as responsible for the payment of Survivor Benefit Plan (SBP) premium payments to be released from this system of records to them upon their official written request for such information for their use in attempting to recover amounts owed for SBP premium payments.

54. This routine use authorizes VA to compile lists of the social security numbers and loan account numbers of all persons with VA-guaranteed and portfolio loans in default, or VA loans on which there has been a foreclosure and the Department paid a claim and provide these records to the Department of Housing and Urban Development for inclusion in its Credit Alert Interactive Voice Response System (CAIVRS). Information included in this system may be disclosed to all participating agencies and lenders who participate in the agencies' programs to enable them to verify information provided by new loan applicants and evaluate the creditworthiness of applicants. These records may also be disclosed as part of an ongoing computer matching program to accomplish these purposes.

55. Identifying information including social security number, abbreviated surname, first and middle initial, date of birth, sex and claim number, and excluding the full name and address, may be disclosed to the Social Security Administration for the purpose of conducting a computer match to obtain information to validate the social security number maintained in VA records.

56. Any information contained in the files of veterans whose claims were referred to VA Central Office for an advisory opinion concerning their claims that their disabilities were incurred secondary to occupational radiation exposure may be disclosed to the Department of the Navy. The information to be furnished to the Navy would include the medical opinions, dose estimates, advisory opinions, and rating decisions including veterans' names, addresses, VA claim numbers, Social Security numbers and medical information. The requested information may be disclosed to the Department of the Navy upon receipt of their official written request for such information for their use in the review and assessment of their

occupational radiation exposure controls and training.

57. A veteran's claims file number and folder location may be disclosed to a court of proper jurisdiction which has issued a garnishment order for that veteran under 42 U.S.C. 659 through 662.

59. The name and address of a prospective, present, or former accredited representative, claims agent or attorney and any information concerning such individual which is relevant to a refusal to grant access privileges to automated veterans claims records, or a potential or past suspension or termination of such access privileges may be disclosed to the entity employing the individual to represent veterans on claims for veterans benefits.

60. The name and address of a former accredited representative, claim agent or attorney, and any information concerning such individual, except a veteran's name and home address, which is relevant to a revocation of such access privileges may be disclosed to an appropriate governmental licensing organization where VA determines that the individual's conduct which resulted in revocation merits reporting.

61. A record from this system (other than the address of the beneficiary) may be disclosed to a former representative of a beneficiary to the extent necessary to develop and adjudicate a claim for payment of attorney fees to such representative from past-due benefits under 38 U.S.C. 5904(d) or to review a fee agreement between such representative and the beneficiary for reasonableness under 38 U.S.C. 5904(c)(2).

62. Disclosure of tax returns and return information received from the Internal Revenue Service may be made only as provided by 26 U.S.C. 6103 (an IRS confidentiality statute) also covering any IRS tax return information provided as part of an ongoing computer matching program.

63. Where VA determines that there is good cause to question the legality or ethical propriety of the conduct of a person or organization representing aperson in a matter before VA, a record from this system may be disclosed, on VA's initiative, to any or all of the following: (1) Applicable civil or criminal law enforcement authorities and (2) a person or entity reponsible for the licensing, supervision, or professional discipline of the person or organization acting as representative. Name and home addresses of veterans and their dependents will be released on VA's initiative under this routine use only to Federal entities.

64. The name and address of a VA beneficiary, and other information as is reasonably necessary to identify such beneficiary, who has been adjudicated as incompetent under 38 CFR 3.353, may be provided to the Attorney General of the United States or his/her designee, for use by the Department of Justice in the National Instant Criminal Background Check System (NICS) mandated by the Brady Handgun Violence Prevention Act, Pub. L. 103-159.

   Policies and practices for storing, retrieving, accessing, retaining, and disposing of records in the system:
  Storage:
   Records (or information contained in records) are maintained on paper documents in claims file folders (e.g., ``C'' file folders, educational file folders and vocational rehabilitation folders) and on automated storage media (e.g., microfilm, microfiche, magnetic tape and disks.) Such information may be accessed through a data telecommunication terminal system designated the Benefits Delivery Network (BDN). BDN terminal locations include VA Central Office, VA regional offices, VA health care facilities, VISN offices, Department of Defense Finance and Accounting Service Centers and the U.S. Coast Guard Pay and Personnel Center.
   Remote on-line access is also made available to authorized representatives of claimants and to attorneys of record for claimants. A VA claimant must execute a prior written consent or a power of attorney authorizing access to his or her claims records before VA will allow the representative or attorney to have access to the claimant's automated claims records. Access by representatives

and attorneys of record is to be used solely for the purpose of assisting an individual claimant whose records are accessed in a claim for benefits administered by VA.

Information relating to receivable accounts owed to VA, designated the Centralized Accounts Receivable System (CARS), is maintained on magnetic tape, microfiche and microfilm. CARS is accessed through a data telecommunications terminal system at St. Paul, Minnesota.

Retrievability:

Claims file folders are indexed by name of the veteran and VA file number. Automated records are indexed by name, VA file number, payee name and type of benefit. Automated Records of employee productivity cannot be accessed. At the conclusion of a monthly reporting period, the generated listing is indexed by employee TAC number. Records in CAIVRS may only be retrieved by social security number.

Safeguards:

1. Physical Security: (a) Access to working spaces and claims folder file storage areas in VA regional offices and centers is restricted to VA employees on a need-to-know basis. Generally, file areas are locked after normal duty hours and the offices and centers are protected from outside access by the Federal Protective Service or other security personnel. Employee claims file records and claims file records of public figures are stored in separate locked files. Strict control measures are enforced to ensure that access to and disclosure from these claims file records are limited to a need-to-know basis.

(b) Access to BDN data telecommunications network is by authorization controlled by the site security officer who is responsible for authorizing access to the BDN by a claimant's representative or attorney approved for access in accordance with VA regulations. The site security officer is responsible for ensuring that the hardware, software and security practices of a representative or attorney satisfy VA security requirements before granting access. The security requirements applicable to access to automated claims files by VA employees also apply to access to automated claims files by claimants' representatives or attorneys. The security officer is assigned responsibility for privacy-security measures, especially for review of violation logs, information logs and control of password distribution, including password distribution for claimants' representatives.

(c) Access to data processing centers is generally restricted to center employees, custodial personnel, Federal Protective Service and other security personnel. Access to computer rooms is restricted to authorized operational personnel through electronic locking devices. All other persons provided access to computer rooms are escorted.

(d) Employee production records are identified by the confidential BDN access number, not name, and are protected by management/supervisory personnel from unauthorized disclosure in the same manner as other confidential records maintained by supervisors.

2. BDN System Security: (a) Usage of the BDN system is protected by the usage of ``logan'' identification passwords and authorized function passwords. The passwords are changed periodically. These same protections apply to remote access users.

(b) At the data processing centers, identification of magnetic tapes and disks containing data is rigidly enforced using labeling techniques. Automated storage media which are not in use are stored in tape libraries which are secured in locked rooms. Access to programs is controlled at three levels: Programming, auditing and operations. Access to the data processing centers where HUD maintains CAIVRS is generally restricted to center employees and authorized subcontractors. Access to computer rooms is restricted to center employees and authorized operational personnel through electronic locking devices. All other persons granted access to computer rooms are escorted.

Files in CAIVRS use social security numbers as identifiers.

Access to information files is restricted to authorized employees of participating agencies and authorized employees of lenders who participate in the agencies' programs. Access is controlled by agency distribution of passwords. Information in the system may be accessed by use of a touch-tone telephone by authorized agency and lender employees on a ``need-to-know'' basis.

Retention and disposal:

Individual claims file folders and the compensation, pension, rehabilitation and education claims records contained therein are retained at the servicing regional office for the life of the veteran. At the death of the veteran, these records are sent to the Federal Records Center (FRC), maintained by the FRC for 75 years and thereafter destroyed. Rehabilitation and education counseling records are maintained until the exhaustion of a veteran's maximum entitlement or upon the exceeding of a veteran's delimiting date of eligibility (generally, ten or twelve years from discharge or release from active duty), whichever occurs first, and then destroyed. Automated storage media containing temporary working information are retained until a claim is processed to determination. All other automated storage media are retained and disposed of in accordance with disposition authorization approved by the Archivist of the United States. Employee productivity records are maintained for two years after which they are destroyed by shredding or burning. File information for CAIVRS is provided to HUD by VA on magnetic tape. After information from the tapes has been read into the computer the tapes are returned to VA for updating. HUD does not keep separate copies of the tapes.

System manager(s) and address:

Director: Compensation and Pension Service (21), Director, Vocational Rehabilitation and Counseling Service (22), VA Central Office, Washington, DC 20420.

Notification procedure:

An individual who wishes to determine whether a record is being maintained in this system under his or her name or other personal identifier, or wants to determine the contents of such record, should submit a written request or apply in person to the nearest VA regional office or center. Address locations are listed in VA Appendix 1 at the end of this document. VA employees withing to inquire whether the system of records contains employee productivity information about themselves should contact their supervisor at the regional office of employment.

Record access procedures:

Individuals seeking information regarding access to and contesting of VA records may write, call or visit the nearest Veterans Administration regional office. Address locations are listed in VA Appendix 1.

Contesting record procedures:

(See Record access procedures above.)

Record source categories:

The veteran, dependents and other beneficiaries of the veteran, accredited service organizations, VA-supervised fiduciaries (i.e., VA Federal fiduciaries, court-appointed fiduciaries), military service departments, VA medical facilities and physicians, private medical facilities and physicians, education and rehabilitation training establishments, State and local agencies, other Federal agencies, State, local and county courts and clerks, Federal, State and local penal institutions and correctional facilities, other third parties and other VA records.