CLOSED, MDL, TRANSF

# U.S. District Court
## Eastern District of Kentucky (Covington)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00114-WOB

Hackett et al v. United States Department of Veterans Affairs et al
Assigned to: William O. Bertelsman
Cause: 05:552 Right to Privacy Act

Date Filed: 05/30/2006
Jury Demand: None
Nature of Suit: 440 Civil
Rights: Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Paul Hackett**

represented by **Alexander E. Barnett**
The Mason Law Firm - NY
One Pennsylvania Plaza
46th Floor, Suite 4632
New York, NY 10019
PHV
212-362-5770
Fax: 917-591-5227
Email: abarnett@masonlawdc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christian A. Jenkins**
Mezibov & Jenkins, LPA
401 E. Court Street
Suite 600
Cincinnati, OH 45202
PHV
513-723-1600
Fax: 513-723-1620
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gary E. Mason**
The Mason Law Firm
1225 19th Street, NW
Suite 500
Washington, DC 20036
PHV
202-429-2290
Fax: 202-429-2294
Email:
gmason@masonlawdc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Goldenberg**
Murdock, Goldenberg, Schneider
& Groh
35 E. Seventh Street
Suite 600
Cincinnati, OH 45202
513-345-8291
Fax: 513-345-8294
Email:
jgoldenberg@mgsglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C. Murdock**
Murdock, Goldenberg, Schneider
& Groh
35 E. Seventh Street
Suite 600
Cincinnati, OH 45202
PHV
513-345-8291
Fax: 513-345-8294
Email: jmurdock@mgsglaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc D. Mezibov**
Mezibov & Jenkins, LPA
401 E. Court Street
Suite 600
Cincinnati, OH 45202
513-723-1600
Fax: 513-723-1620
Email:
mmezibov@mezibovjenkins.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy A. Hinners**
Mezibov & Jenkins, LPA
401 E. Court Street
Suite 600
Cincinnati, OH 45202
PHV
513-723-1600
Fax: 513-723-1620
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew W. Page**          represented by **Christian A. Jenkins**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Jeffrey S. Goldenberg**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**John C. Murdock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc D. Mezibov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacy A. Hinners**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joshua Woolridge**          represented by  **Joshua Woolridge**
P-33283
Chuckawalla Valley State Prison
Facility B4-182L
P.O. Box 2349
Blythe, CA 92226
US
PRO SE

V.

**Intervenor Plaintiff**

**Curt McDonnell**          represented by  **Curt McDonnell**
109318
Arizona State Prison Complex -
Eyman
Unit - Cook
P.O. Box 3200
Florence, AZ 85232
US
PRO SE

## V.

## __Defendant__

| | | |
|---|---|---|
| **United States Department of Veterans Affairs** | represented by | **Elizabeth J. Shapiro** |

**United States Department of Veterans Affairs**     represented by     **Elizabeth J. Shapiro**
U.S. Department of Justice - Federal Programs Branch
20 Massachusetts Avenue, NW
Room 6114
P.O. Box 883
Washington, DC 20004
202-305-0693
Fax: 202-616-8460
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather R. Phillips**
U.S. Department of Justice
20 Massachusetts Avenue, NW
Benjamin Franklin Station,
Room 7330
P.O. Box 883
Washington, DC 20044
202-514-2395
Fax: 202-318-7589
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey M. Smith**
U.S. Department of Justice
20 Massachusetts Avenue, NW
Benjamin Franklin Station,
Room 7330
P.O. Box 883
Washington, DC 20044
202-514-2395
Fax: 202-318-7589
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Ori Lev**
U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
US
202-514-2395
Fax: 202-318-7589
Email: ori.lev@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Louis Sparks**
U.S. Attorney's Office, EDKY
260 W. Vine Street
Suite 300
Lexington, KY 40507-1612
859-685-4831
Fax: 859-233-2533
Email:
Andrew.Sparks@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**R. James Nicholson**          represented by   **Elizabeth J. Shapiro**
*Individually as Secretary*                      (See above for address)
*of the United States*                           *LEAD ATTORNEY*
*department of Veterans*                          *ATTORNEY TO BE NOTICED*
*Affairs*

                                                 **Heather R. Phillips**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Jeffrey M. Smith**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Louis Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gordon G. Mansfield**          represented by    **Elizabeth J. Shapiro**
*Individually as Deputy*                           (See above for address)
*Secretary of the United*                          *LEAD ATTORNEY*
*States Department of*                             *ATTORNEY TO BE NOTICED*
*Veterans Affairs*
                                                   **Heather R. Phillips**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Jeffrey M. Smith**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Ori Lev**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Andrew Louis Sparks**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**                     represented by    **Elizabeth J. Shapiro**

*Individually as employee*
*of the United States*
*Department of Veterans*
*Affairs*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather R. Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey M. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Louis Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Official Defendant**

**R. James Nicholson**                represented by   **Elizabeth J. Shapiro**
*Officially as Secretary of*                          (See above for address)
*the United States*                                   *LEAD ATTORNEY*
*Department of Veterans*                               *ATTORNEY TO BE NOTICED*
*Affairs*

**Heather R. Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey M. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Louis Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Official Defendant**

**Gordon G. Mansfield**          represented by     **Elizabeth J. Shapiro**
*Officially as Deputy*                              (See above for address)
*Secretary of the United*                           *LEAD ATTORNEY*
*States Department of*                              *ATTORNEY TO BE NOTICED*
*Veterans Affairs*

                                                    **Heather R. Phillips**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jeffrey M. Smith**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Ori Lev**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Andrew Louis Sparks**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Official Defendant**

**John Doe**                     represented by     **Elizabeth J. Shapiro**
*Officially as employee of*                         (See above for address)

*the United States*                    *LEAD ATTORNEY*
*Department of Veterans*               *ATTORNEY TO BE NOTICED*
*Affairs*

                                       **Heather R. Phillips**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Jeffrey M. Smith**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Ori Lev**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Andrew Louis Sparks**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/30/2006 | 1 | COMPLAINT ( Filing fee $350; receipt number 124331), filed by Paul Hackett and Matthew W. Page. (Attachments: # 1 Civil Cover Sheet, Case Assignment Sheet, Receipt)(JMM) (Entered: 05/31/2006) |
| 06/05/2006 | 2 | Summons Issued as to United States Department of Veterans Affairs, R. James Nicholson, Gordon G. Mansfield, U.S. Attorney and U.S. Attorney General (JMM) (Entered: 06/06/2006) |
| 06/07/2006 | 3 | AMENDED CLASS ACTION COMPLAINT against John Doe, United States Department of Veterans |

| | | |
|---|---|---|
| | | Affairs, R. James Nicholson, Gordon G. Mansfield, filed by Paul Hackett and Matthew W. Page.(JMM) (Entered: 06/07/2006) |
| 06/22/2006 | 4 | MOTION for Christian A. Jenkins and Stacy A. Hinners to Appear Pro Hac Vice by Paul Hackett, Matthew W. Page (Attachments: # 1 Affidavit Christian A. Jenkins# 2 Affidavit Stacy A. Hinners) (LMB) (Entered: 06/22/2006) |
| 06/22/2006 | 5 | PHV Filing fee received - Christian A. Jenkins and Stacy A. Hinners - $ 130.00, receipt number 124377 (LMB) (Entered: 06/22/2006) |
| 06/22/2006 | 6 | EMERGENCY MOTION for Protective Order filed with memorandum by plffs Paul Hackett, Matthew W. Page (Attachments: # 1 Exhibit (A) Letter & Memorandum# 2 Exhibit (B) Copy of FirstGov.gov re:VA update Security)(LMB) (Entered: 06/22/2006) |
| 06/23/2006 | 7 | ORDER; re 6 MOTION for Protective Order; Hearing is set for 6/30/2006 at 02:00 PM in Covington before William O. Bertelsman. The defendants are instructed to not take any action sought to be prohibited by such motion until such time as the hearing is held and a ruling is made. Signed by Judge William O. Bertelsman. (LSG)cc: COR, Fax to Stacy Hinners and Jeff Smith (Entered: 06/23/2006) |
| 06/26/2006 | 8 | ORDER granting 4 Motion to Appear Pro Hac Vice for attorneys Christian A. Jenkins and Stacy A. Hinners. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 06/26/2006) |
| 06/26/2006 | 9 | MOTION for John C. Murdock to Appear Pro Hac Vice by Paul Hackett and Matthew W. Page (Attachments: # 1 Affidavit of John C. Murdock) (JMM) (Entered: 06/26/2006) |
| 06/26/2006 | 10 | MOTION for Jeffrey S. Goldenberg to Appear Pro Hac Vice by Paul Hackett and Matthew W. Page |

| | | |
|---|---|---|
| | | (Attachments: # 1 Affidavit of Jeffrey S. Goldenberg) (JMM) (Entered: 06/26/2006) |
| 06/26/2006 | 11 | PRO HAC VICE Filing fee received - John C. Murdock and Jeffrey S. Goldenberg - $ 130.00, receipt number 124390 (JMM) (Entered: 06/26/2006) |
| 06/26/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 10 MOTION for Jeffrey S. Goldenberg to Appear Pro Hac Vice by Paul Hackett, Matthew W. Page, 9 MOTION for John C. Murdock to Appear Pro Hac Vice by Paul Hackett, Matthew W. Page (JMM) (Entered: 06/26/2006) |
| 06/27/2006 | 12 | NOTICE OF APPEARANCE*of Assistant United States Attorney Andrew Sparks* by Gordon G. Mansfield, John Doe, John Doe, United States Department of Veterans Affairs, R. James Nicholson, R. James Nicholson, Gordon G. Mansfield.(Sparks, Andrew) (Entered: 06/27/2006) |
| 06/27/2006 | 13 | ORDER granting 9 10 Motions to Appear Pro Hac Vice for attorneys John C. Murdock and Jeffrey S. Goldenberg. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 06/27/2006) |
| 06/27/2006 | 14 | MOTION to Clarify by Gordon G. Mansfield, John Doe, John Doe, United States Department of Veterans Affairs, R. James Nicholson, R. James Nicholson, Gordon G. Mansfield *Court's Order of June 23, 2006* (Attachments: # 1 Exhibit 1 - 6/23/06 Letter to Marc Mezibov from Department of Justice# 2 Exhibit 2 - Copy of Announcement on Goverment Website# 3 Proposed Order)(Sparks, Andrew) Modified description of Exhibit 2 on 6/29/2006 per Andrew Sparks)(Maxie, Joyce). (Entered: 06/27/2006) |
| 06/28/2006 | | NOTICE OF DOCKET MODIFICATION TO Andrew Sparks re 14 MOTION to Clarify by Gordon |

| | | |
|---|---|---|
| | | G. Mansfield, John Doe, United States Department of Veterans Affairs, R. James Nicholson; Error: the main document was scanned instead of converted into PDF format directly from the native word applicaion; Entry made by attorney; Correction: All pleadings created with a word application shall be converted to PDF format using PDF conversion software rather than being scanned; No further action required by counsel. cc: COR (JMM) (Entered: 06/28/2006) |
| 06/28/2006 | 15 | RESPONSE to Motion re 14 MOTION to Clarify by Gordon G. Mansfield, John Doe, United States Department of Veterans Affairs, R. James Nicholson, filed by Paul Hackett and Matthew W. Page. (Attachments: # 1 Exhibit A - Letter dated 6/23/06 # 2 Exhibit B - VA Website Posting # 3 Exhibit C - Letter dated 6/26/06)(JMM) (Entered: 06/28/2006) |
| 06/30/2006 | 16 | RESPONSE in Opposition re 6 MOTION for Protective Order by Paul Hackett, Matthew W. Page filed by United States Department of Veterans Affairs. (Attachments: # 1 Proposed Order # 2 Exhibit exhibit list# 3 Exhibit Potential Questions for the Public and Approved Responses# 4 Exhibit letter# 5 Exhibit declaration# 6 Exhibit Latest Information on Veterans Affairs Data Security# 7 Exhibit letter# 8 Exhibit e-mail# 9 Exhibit declaration)(Sparks, Andrew) (Entered: 06/30/2006) |
| 06/30/2006 | 17 | MINUTE ENTRY FOR MOTION HEARING held on 6/30/2006 before Judge William O. Bertelsman : An Order will be entered with rulings made on the record. (COURT REPORTER: JOAN AVERDICK) (JMM) cc: COR (Entered: 06/30/2006) |
| 06/30/2006 | 18 | MOTION to Certify Class with attached Memorandum in Support by Paul Hackett and Matthew W. Page Responses due by 7/18/2006 (Attachments: # 1 Exhibit A - Press Release from |

| | | |
|---|---|---|
| | | Veterans Affairs dated 6/22/06 # 2 Exhibit B - FAQ posting from www.va.gov updated 6/26/06 # 3 Exhibit C - New York Times article dated 6/30/06 # 4 Exhibit D - Statement by R. James Nicholson to U.S. House Committee on Veterans Affairs dated 5/25/06 # 5 Exhibit E - CNN article dated 6/30/06 # 6 Exhibit F - IDG News Service article dated 6/30/06 # 7 Exhibit G - Statement by George J. Opfer to U.S. House Committee on Veterans Affairs dated 5/25/06 # 8 Exhibit H - Letter from VA to veterans dated 6/3/06 # 9 Exhibit I - Press Release from Veterans Affairs dated 6/21/06 # 10 Exhibit J - Email dated 6/29/06 # 11 Exhibit K - Email dated 6/29/06 # 12 Exhibit L - Statement by Bruce Brody dated 6/22/06 # 13 Exhibit M Statement by Linda Koontz dated 6/14/06 # 14 Exhibit N - Statement by Eugene H. Spafford dated 6/22/06)(JMM) (Entered: 06/30/2006) |
| 06/30/2006 | 19 | ORDER: 1) Plainitff's Emergency Motion for Protective Order 6 is denied in light of the voluntary commitments by by the defendants at the hearing; 2) The order of the court dated 6/23/06 to preserve the status quo is set aside, said hearing have been held; 3) Denying as moot 14 Defendant's Motion to Clarify; 4) That reference is made to the record of the hearing for the reasoning of the court with regard to these rulings . Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 06/30/2006) |
| 07/07/2006 | 24 | MOTION for Production of Documents and MOTION to Intervene by Curt McDonnell (Attachments: # 1 USA Today Article # 2 Affidavit of Curt McConnell of Financial Statement # 3 Envelope)(JMM) (Entered: 07/12/2006) |
| 07/10/2006 | 20 | MOTION for Order by United States Department of Veterans Affairs *to Transfer Venue or in the Alternative Motion for Stay of Proceedings* (Attachments: # 1 Memorandum in Support # 2 |

| | | |
|---|---|---|
| | | Exhibit A to Memorandum Complaint from D.C. District Court Case No. 06-1038# 3 Exhibit B to Memorandum Complaint from Eastern District of New York Case No. 06-3086# 4 Exhibit C to Memorandum Complaint from Eastern District of KY Case No. 06-114# 5 Proposed Order)(Sparks, Andrew) (Entered: 07/10/2006) |
| 07/10/2006 | 21 | MOTION to Stay re 18 MOTION to Certify Class by Paul Hackett, Matthew W. Page, 1 Complaint by United States Department of Veterans Affairs *Defendants' Obligation to Respond* (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(Sparks, Andrew) Additional attachment(s) added on 7/11/2006 (Maxie, Joyce). Modified on 7/11/2006 (to attach correct PDF)(Maxie, Joyce). (Entered: 07/10/2006) |
| 07/10/2006 | 22 | NOTICE OF FILING by United States Department of Veterans Affairs (Attachments: # 1 Motion to Transfer Before the Judicial Panel on Multidistrict Litigation# 2 Exhibits to Motion to Transfer)(Sparks, Andrew) (Entered: 07/10/2006) |
| 07/10/2006 | 23 | MOTION to Stay Proceedings re: 20 MOTION for Order to Transfer Venue by United States Department of Veterans Affairs. (JMM) (Entered: 07/11/2006) |
| 07/11/2006 | | NOTICE OF DOCKET MODIFICATION TO Andrew Sparks re 20 MOTION for Order by United States Department of Veterans Affairs ; Error: This a motion for an Order to Transfer Venue AND Motion to Stay; Document should have been filed as two separate motions; Entry made by attorney; Correction: Clerk has re-docketed the pleading as a Motion for Stay 23; In the future, when docketing a motion with two or more reliefs, you need to click on your first motion and then hold down the control key and click on the other motion(s). This will put all motions on the Judge's motion report for ruling; No further action |

| | | |
|---|---|---|
| | | required by counsel. cc: COR (JMM) (Entered: 07/11/2006) |
| 07/11/2006 | | Clerk's Note: Correct PDF - Motion to Stay was added to Docket Entry 21. (JMM) (Entered: 07/11/2006) |
| 07/14/2006 | 25 | MOTION for Alexander E. Barnett and Gary E. Mason to Appear Pro Hac Vice by Paul Hackett (Attachments: # 1 Affidavit of Gary E. Mason # 2 Affidavit of Alexander E. Barnett)(JMM) (Entered: 07/14/2006) |
| 07/14/2006 | 26 | PRO HAC VICE Filing fee received - Alexander E. Barnett and Gary E. Mason - $ 130.00, receipt number 125038 (JMM) (Entered: 07/14/2006) |
| 07/14/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 25 MOTION for Alexander E. Barnett and Gary E. Mason to Appear Pro Hac Vice by Paul Hackett (JMM) (Entered: 07/14/2006) |
| 07/14/2006 | 27 | SUMMONS Returned Executed by Paul Hackett, Matthew W. Page via Certified Mail Return Receipt Requested to United States Department of Veterans Affairs served on 6/7/2006. Service to U.S. Attorney executed via Certified Mail Return Receipt Requested (JMM) (Entered: 07/17/2006) |
| 07/14/2006 | 28 | SUMMONS Returned Executed by Paul Hackett, Matthew W. Page via Certified Mail Return Receipt to United States Department of Veterans Affairs served on 6/12/2006. (JMM) (Entered: 07/17/2006) |
| 07/14/2006 | 29 | SUMMONS Returned Executed by Paul Hackett, Matthew W. Page to U.S. Attorney General executed via Certified Mail Return Requested on 6/12/2006. (JMM) (Entered: 07/17/2006) |
| 07/14/2006 | 30 | SUMMONS Returned Executed by Paul Hackett, Matthew W. Page via Certified Mail Return Receipt |

| | | |
|---|---|---|
| | | Requested to R. James Nicholson, Officially and Individually served on 6/12/2006 (JMM) (Entered: 07/17/2006) |
| 07/14/2006 | 31 | SUMMONS Returned Executed by Paul Hackett, Matthew W. Page via Certified Mail Return Receipt Requested to Gordon G. Mansfield, Officially and Individually served on 6/12/2006. (JMM) (Entered: 07/17/2006) |
| 07/21/2006 | 32 | MOTION to Stay defendant's obligation to respond re 24 MOTION to Produce MOTION to Intervene by Curt McDonnell by United States Department of Veterans Affairs (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(Sparks, Andrew) Modified on 7/25/2006 (to add additional text to describe what was being filed)(Maxie, Joyce). (Entered: 07/21/2006) |
| 07/25/2006 | | NOTICE OF DOCKET MODIFICATION TO Andrew Sparks re 32 MOTION to Stay re 24 MOTION to Produce by Curt McDonnell MOTION to Intervene by Curt McDonnell by United States Department of Veterans Affairs; Error: attorney has failed to type name on the signature line and the pleading was not accurately described; Entry made by attorney; Correction: The name of the Filing User under whose login and password the document is submitted must be preceded by an "s/" and typed in the space where the signature would otherwise appear. Clerk has modified the docket text to state "defendant's obligation to respond". Attorney advised to enter additional text into the optional text box to reflect the caption of the pleading; No further action required by counsel. cc: COR (JMM) (Entered: 07/25/2006) |
| 07/31/2006 | 33 | RESPONSE to Motion re 21 MOTION to Stay re 18 MOTION to Certify Class by Paul Hackett, Matthew |

| | | |
|---|---|---|
| | | W. Page, 1 Complaint by United States Department of Veterans Affairs *Plaintiff's Statement of No Objection to Defendant's Motion (Doc. 21)* filed by Paul Hackett, Matthew W. Page. (Mezibov, Marc) (Entered: 07/31/2006) |
| 08/02/2006 | 34 | AGREED ORDER extending plaintiffs' time to respond to defendants' Motion to Transfer Venue or in the alternative for a stay of proceedings until 8/8/2006. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/02/2006) |
| 08/08/2006 | 35 | RESPONSE in Opposition re 20 MOTION for Order by United States Department of Veterans Affairs*to Transfer or in the alternative to Stay Proceedings* filed by Paul Hackett. (Mezibov, Marc) (Entered: 08/08/2006) |
| 08/09/2006 | | NOTICE OF DEFICIENCY TO Marc Mezibov re 35 Response in Opposition to Motion; Signature on document and filer do not match; error by attorney; the name of the Filing User under whose login and password the document is submitted must be typed in the space where the signature would otherwise appear. No further action required by counsel. cc: COR (LSG) (Entered: 08/09/2006) |
| 08/22/2006 | 36 | REPLY to Response to Motion re 20 MOTION for Order by United States Department of Veterans Affairs filed by United States Department of Veterans Affairs. (Sparks, Andrew) (Entered: 08/22/2006) |
| 08/23/2006 | | NOTICE OF DEFICIENCY TO Andrew Sparks re 36 Reply to Response to Motion; attorney has failed to type name on the signature line. The name of the Filing User under whose login and password the document is submitted must be preceded by an "s/" and typed in the space where the signature would otherwise appear. No further action required; cc: COR (JMM) (Entered: 08/23/2006) |

| | | |
|---|---|---|
| 08/25/2006 | 37 | MOTION for Joinder by Joshua Woolridge (Attachments: # 1 Associated Press Article # 2 Envelope)(JMM) (Entered: 08/29/2006) |
| 08/29/2006 | 38 | ORDER granting 25 Motion to Appear Pro Hac Vice for Attorneys Alexander E. Barnett and Gary E. Mason. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/29/2006) |
| 09/19/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 20 MOTION for Order by United States Department of Veterans Affairs (JMM) (Entered: 09/19/2006) |
| 11/07/2006 | 39 | Letter from Jeffery N. Luthi, Clerk of the MDL Panel to Nancy Mayer-Whittington, Transferee Clerk. (Attachments: # 1 Copy of Transfer Order) (JMM) (Entered: 11/07/2006) |
| 11/20/2006 | 41 | TRANSFER ORDER from the MDL Panel Transferring Case to the District of Columbia at Washington, DC. Signed by Wm. Terrell Hodges, Chaiman. (Attachments: # 1 Transfer Request Letter - Does not request the Cov. Civil 06-114 Case Styled Paul Hackett, et al. v. U.S. Department of Veterans Affairs, et al.)(JMM)cc: COR (Entered: 02/08/2007) |
| 02/05/2007 | 40 | Letter (CONSTRUED by the Court) from Curt McDonnell with attached Envelope (JMM) (Entered: 02/07/2007) |
| 02/08/2007 | | Clerk's Note: Clerk was advised by Chambers that this case has been transferred to the MDL Panel for Litigation. (JMM) (Entered: 02/08/2007) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 04/19/2007 14:44:10 |

| | | | |
|---|---|---|---|
| **PACER Login:** | us3871 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00114-WOB |
| **Billable Pages:** | 8 | **Cost:** | 0.64 |

Eastern District of Kentucky
FILED

MAY 3 0 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

PAUL HACKETT,
1014 Vine Street, Suite 1690
Cincinnati, OH 45202

MATTHEW W. PAGE
473 Beaver Road
Walton, KY 41094

      Plaintiffs,

  vs.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,
810 Vermont Avenue NW
Washington, DC 20420,

R. JAMES NICHOLSON, Secretary
of the United States Department of
Veterans Affairs, officially and
individually,
810 Vermont Avenue NW
Washington, DC 20420,

GORDON G. MANSFIELD, Deputy
Secretary of the United States
Department of Veterans Affairs,
officially and individually,
810 Vermont Avenue NW
Washington, DC 20420,

and

JOHN DOE, employee of the
United States Department of
Veterans Affairs, officially and
individually,
c/o 810 Vermont Avenue NW
Washington, DC 20420.

      Defendants.

CASE NO. 06-114-WOB

JUDGE WILLIAM O. BERTELSMAN

CLASS ACTION COMPLAINT

## I. PRELIMINARY STATEMENT

1. Plaintiffs Paul Hackett and Matthew Page bring this action pursuant to the Privacy Act of 1974 and the Fourth and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on behalf of themselves and all others similarly situated against the United States Department of Veterans Affairs ("VA"), Secretary R. James Nicholson, Deputy Secretary Gordon H. Mansfield, and its employee, John Doe.[1]

2. Plaintiffs, veterans of the United States Marine Corps and United States Navy, respectively, are two of more than 26.5 million military veterans whose private personal information, including Social Security number, was improperly, unlawfully, willfully and intentionally disclosed in at least three ways: (1) through the access and removal of data files containing the private personal information of 26.5 million veterans from the VA facility by employee John Doe; (2) through the transfer of the data to external and unprotected disks and/or computers by John Doe; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. These disclosures, made without Plaintiffs' knowledge or consent, violate 5 U.S.C. § 552a(b).

3. These disclosures were the direct and proximate result of Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran records and to protect against any known or anticipated threats or hazards to the security and integrity of these records in violation

---

[1] Plaintiffs may also file an administrative charge alleging invasion of privacy pursuant to the Federal Tort Claims Act as required under 28 U.S.C. § 1346(b).

of 5 U.S.C. § 552a(e)(10).

4.      Subsequent to learning of these disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

5.      Defendants' disclosures of Plaintiffs' confidential Social Security numbers also violated Plaintiffs' right to privacy and personal security of their Social Security number under the Fourth and Fifth Amendments of the United States Constitution.

6.      As result of the Defendants' acts and omissions in disclosing and failing to protect Plaintiffs' private personal information, including their Social Security numbers, Plaintiffs and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information. The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights guaranteed under 5 U.S.C. § 552a and *Bivens*.

8.      Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

## III. PARTIES

9.      Plaintiff Paul Hackett is a veteran of the United States Marine Corps released from active duty in 1992 and honorably discharged from service in 1999. He is a resident of Hamilton County, Ohio.

10.      Plaintiff Matthew Page is a veteran of the United States Navy retired from active duty and honorably discharged from service in 2001. He is a resident of Boone County, Kentucky.

11.      Defendant VA is a cabinet of the executive branch of the United States Government which, in the course of its duties, compiles and maintains records of all individuals discharged from a branch of the United States military and provides benefits and services to veterans, including among other things, pension payments and health care.

12.      Defendant R. James Nicholson is the duly-confirmed Secretary of United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

13.      Defendant Gordon H. Mansfield is the duly-appointed Deputy Secretary of the United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is

4

sued in his official and individual capacities.

14.     Defendant John Doe is a long-time employee of the VA who was assigned as a data analyst.  Upon information and belief, John Doe engaged in conduct tantamount to a willful and intentional disclosure of and failure to protect the private personal information of Mr. Hackett and 26.5 million other veterans.  He is sued in his official and individual capacities.

## IV.  STATEMENT OF FACTS

15.     In connection with their honorable discharges after service with the United States Marine Corps and United States Navy, Plaintiffs were required to provide the VA with their private personal information, including Social Security numbers.

16.     On or about May 22, 2006, Secretary Nicholson publicly announced through worldwide media outlets that the private personal information of 26.5 million veterans discharged after 1975 had been disclosed.  The private personal information of these veterans disclosed included names, dates of birth, Social Security numbers, disability ratings, and upon information and belief, certain medical information.

17.     Secretary Nicholson reported the disclosure was connected to an alleged burglary of the home of Defendant John Doe.  Upon information and belief, on or about May 3, 2006, John Doe, a low-ranking data analyst and long-time VA employee, had removed VA files containing private personal information of 26.5 million veterans from the VA facility and taken it to his home. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose.  John Doe's computer and/or disks were allegedly stolen during a burglary of his home.  Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint.

5

They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

18.      Upon information and belief, John Doe was able to easily access computer files containing private personal information of 26.5 million veterans and copy the files from the VA's system onto external disks and his personal computer. Upon further information and belief, John Doe had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA. John Doe's access to and duplication of this information was a disclosure in violation of 5 U.S.C. § 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

19.      Upon information and belief, upon learning of the above-described disclosures, Secretary Nicholson and Deputy Secretary Mansfield unreasonably delayed reporting the disclosures to law enforcement agencies despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected veterans. VA Inspector General George Opfer publicly stated that he was never formally notified of the disclosures, but rather heard about it through "gossip."

20.      Three weeks after the alleged burglary, Secretary Nicholson advised media outlets that the 26.5 million veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. He urged the veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions." Upon information and belief,

Defendants have not yet individually notified the affected veterans.

21.    Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 522a as well as other federal laws relating to information security.   In 2003, a study conducted by the General Accounting Office (GAO) gave the VA a failing grade for its computer security practices.  In March 2006, the United States House of Representative's Committee on Government Reform gave the VA an "F" in its annual report card relating to information security.  Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of personal information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of  5 U.S.C. § 552a(e)(10).

22.    The unauthorized and unconsented disclosure of  an individual's name, address, date of birth and Social Security number creates a substantial risk of identity theft.  An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

23.    Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

24.    Defendants' unauthorized and unconsented disclosures of Plaintiffs

7

private personal information and the imminent and substantial risk of identity theft to which Plaintiffs has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures.

25.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been exposed to a risk of substantial harm and inconvenience, and have incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

## V. CLASS ALLEGATIONS

26.     Plaintiffs maintain this action on behalf of themselves and all individuals whose private personal information, including Social Security numbers, were disclosed by Defendants in May 2006 as described above.

27.     The members of the putative class are so numerous that joinder of individual claims is impracticable. Moreover, there are significant questions of fact and issues of law common to the members of the putative class. These issues include whether Defendants failed to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, whether such failure was willful and intentional, whether the putative class

8

members were adversely affected, and whether they incurred actual damages as result.

28. Plaintiffs' claims are typical of the claims of the putative class. Plaintiffs and all members of the putative class have been adversely affected and damaged in that their private information has been compromised and stolen.

29. The proposed class representatives will fairly and adequately represent the putative class because they have the class members' interest in mind, their individual claims are co-extensive with and identical to those of the class, and because they are represented by qualified counsel experienced in class action litigation of this nature.

30. A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joinder of the claims of all members of the putative class is impracticable. Most members of the class are without the financial resources necessary to pursue this matter. Even if some members of the class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendants' actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

31. The putative class may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants to follow.

9

32.     The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

33.     The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

## VI.  STATEMENT OF CLAIMS

### COUNT ONE

34.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 33 herein above.

35.     The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Plaintiffs' Social Security number in violation of 5 U.S.C. § 552a(b).

### COUNT TWO

36.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 35 herein above.

37.     The foregoing acts and omissions of Defendant VA constitutes a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiff's private personal records in violation of

10

5 U.S.C. § 552a(e)(10).

### COUNT THREE

38.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 37 herein above.

39.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to privacy in their Social Security numbers under the Fourth and Fifth Amendments to the United States Constitution.

### COUNT FOUR

40.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 39 herein above.

41.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to personal security under the Fourth and Fifth Amendments to the United States Constitution.

### COUNT FIVE

42.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 41 herein above.

43.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe deprived Plaintiffs of their right to procedural and substantive due process under the Fifth Amendment to the United States Constitution.

### COUNT SIX

44.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 43 herein above.

45.     The foregoing acts and omissions of Defendants Nicholson, Mansfield and

John Doe were done in deliberate indifference to rights guaranteed to Plaintiffs under the Fourth and Fifth Amendments to the United States Constitution.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendants as follows:

a. For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b. For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records.

c. For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed class under the Court's supervision;

d. For an award of damages for Plaintiffs and each affected class member in an amount no less than $1,000.00;

12

e. For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the putative class in prosecuting this matter; and

f. For an award of such other relief in law and equity to which Plaintiffs and the members of the putative class may be entitled under the premises.

Respectfully submitted,

**MEZIBOV & JENKINS, CO. L.P.A**

_____

MARC D. MEZIBOV (Ohio Bar No. 0019316)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
mmezibov@mezibovjenkins.com

Attorney for Plaintiffs

Of Counsel:
**MEZIBOV & JENKINS, CO. L.P.A**
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
STACY A. HINNERS (Ohio Bar No. 0076458)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
cjenkins@mezibovjenkins.com
shinners@mezibovjenkins.com

**MURDOCK, GOLDENBERG, SCHNEIDER & GROH LPA**
JOHN C. MURDOCK (Ohio Bar No. 0063749)
JEFFERY S. GOLDENBERG (Ohio Bar No. 0063771)
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 345-8291
Telecopier: (513) 345-8294
jmurdock@mgsglaw.com
jgoldenberg@mgsglaw.com

13

&JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Matthew W. Page, et al. | United States Department of Veterans Affairs, Secretary R. James Nicholson, Deputy Secretary Gordon H. Mansfield, John Doe |
| (b)  County of Residence of First Listed Plaintiff  Boone County | County of Residence of First Listed Defendant  Washington, DC |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c)  Attorney's (Firm Name, Address, and Telephone Number)<br>Marc D. Mezibov, Mezibov & Jenkins Co., LPA<br>401 E. Court Street, Ste 600, Cincinnati, OH 45202 (513) 723-1600 | Attorneys (If Known)<br>Alberto Gonzales, United States Attorney General<br>Amul Thapar, United States Attorney for Eastern District of KY |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>(Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 460 Deportation<br>Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☒ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination to Justice<br>☐ 950 Constitutionality of State Statutes |

☐ 2          3          4          5          7

**ACTION**  cite jurisdictional statutes unless diversity):
to United States Constitution under authority

SS ACTION          DEMAND $          CHECK YES only
JURY DEMAND:

**VIII. RELATED CASE(S)**          (See instructions):

DATE  5/30/06          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# *Civil*
# *Case Assignment*

Case number **2:06CV-114**

Assigned : Senior Judge William O. Bertelsman
Judge Code : 4307

Assigned on 05/30/2006

Request New Judge .....

AO82
(Rev. 8/03)

124331

RECEIPT FOR PAYMENT
**UNITED STATES DISTRICT COURT**
for the
**EASTERN DISTRICT OF KENTUCKY**
at _Covington_

**RECEIVED FROM**

_Menzilov v Jenkins_
_401 E. Court St Ste 600_
_Cincinnati OH 45202_

| Fund | | ACCOUNT | AMOUNT | |
|------|--|---------|--------|--|
| 6855XX | Deposit Funds | 510000 | 190 | 00 |
| 604700 | Registry Funds | 086900 | 60 | 00 |
| | General and Special Funds | 686400 | 100 | 00 |
| 508800 | Immigration Fees | | | |
| 085000 | Attorney Admission Fees | | | |
| 086900 | Filing Fees | | | |
| 0869PL | Filing Fee Prisoner Lit. | **TOTAL** | 356.00 | |
| 322340 | Sale of Publications | | | |
| 322350 | Copy Fees | | | |
| 322360 | Miscellaneous Fees | | | |
| 143500 | Interest | | | |
| 322380 | Recoveries of Court Costs | | | |
| 322386 | Restitution to U.S. Government | | | |
| 109900 | Misc. Fines, Penalties, etc. | | | |
| 121000 | Conscience Fund | | | |
| 129900 | Gifts | | | |
| 504100 | Crime Victims Fund | | | |
| 613300 | Unclaimed Monies | | | |
| 510000 | Filings Spec. Acct. | | | |
| 5100PL | Filings Spec. Acct. Prisoner Lit. | | | |
| 510100 | Registry Admin. Acct. | | | |
| 5114CR | Electronic Copy Fee | | | |

Case Number or Other Reference
_Cov Civ 06-114-WOB_

_Paul Hackett et al_
vs
_U.S. Dept of_
_Veterans Affairs_
_et al_

_New case_

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn

| DATE 5/31/06 | Cash | Check ✓ | M.O. | Credit | DEPUTY CLERK: |
|---|---|---|---|---|---|

1287

Eastern District of Kentucky
**FILED**

JUN - 7 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| PAUL HACKETT,<br>1014 Vine Street, Suite 1690<br>Cincinnati, OH 45202 | : | CASE NO. 06-144-wob |
| | : | |
| | : | |
| | : | JUDGE BERTELSMAN |
| MATTHEW W. PAGE<br>473 Beaver Road<br>Walton, KY 41094 | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES DEPARTMENT<br>OF VETERANS AFFAIRS,<br>810 Vermont Avenue NW<br>Washington, DC 20420, | : | AMENDED CLASS ACTION<br>COMPLAINT |
| | : | |
| | : | |
| R. JAMES NICHOLSON, Secretary<br>of the United States Department of<br>Veterans Affairs, officially and<br>individually,<br>810 Vermont Avenue NW<br>Washington, DC 20420, | : | |
| | : | |
| GORDON G. MANSFIELD, Deputy<br>Secretary of the United States<br>Department of Veterans Affairs,<br>officially and individually,<br>810 Vermont Avenue NW<br>Washington, DC 20420, | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE, employee of the<br>United States Department of<br>Veterans Affairs, officially and<br>individually,<br>c/o 810 Vermont Avenue NW<br>Washington, DC 20420. | : | |
| | : | |
| Defendants. | : | |

# I. PRELIMINARY STATEMENT

1.   Plaintiffs Paul Hackett and Matthew Page bring this action pursuant to the Privacy Act of 1974 and the Fourth and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on behalf of themselves and all others similarly situated against the United States Department of Veterans Affairs ("VA"), Secretary R. James Nicholson, Deputy Secretary Gordon H. Mansfield, and its employee, John Doe.[1]

2.   Plaintiffs, veterans of the United States Marine Corps and United States Navy, respectively, are two of more than 28.5 million military veterans and active duty personnel whose private personal information, including Social Security numbers, were improperly, unlawfully, willfully and intentionally disclosed in at least three ways:  (1) through the access and removal of data files containing the private personal information of more than 28.5 million veterans and active duty members from the VA  facility by employee John Doe; (2) through the transfer of the data to external and unprotected disks and/or computers by John Doe; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. These disclosures, made without Plaintiffs' knowledge or consent, violate 5 U.S.C. § 552a(b).

3.   These disclosures were the direct and proximate result of Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against any known or anticipated threats or hazards to the security and integrity of these

---

[1] Plaintiffs may also file an administrative charge alleging invasion of privacy pursuant to the Federal Tort Claims Act as required under 28 U.S.C. § 1346(b).

records in violation of 5 U.S.C. § 552a(e)(10).

4.      Subsequent to learning of these disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

5.      Defendants' disclosures of Plaintiffs' confidential Social Security numbers also violated Plaintiffs' right to privacy and personal security of their Social Security numbers under the Fourth and Fifth Amendments of the United States Constitution.

6.      As result of the Defendants' acts and omissions in disclosing and failing to protect Plaintiffs' private personal information, including their Social Security numbers, Plaintiffs and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information. The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights guaranteed under 5 U.S.C. § 552a and *Bivens*.

8.      Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

3

### III. PARTIES

9.      Plaintiff Paul Hackett is a veteran of the United States Marine Corps released from active duty in 1992 and honorably discharged from service in 1999. He is a resident of Hamilton County, Ohio.

10.     Plaintiff Matthew Page is a veteran of the United States Navy retired from active duty and honorably discharged from service in 2001. He is a resident of Boone County, Kentucky.

11.     Defendant VA is a cabinet of the Executive Branch of the United States Government which, in the course of its duties, compiles and maintains records of all individuals discharged from a branch of the United States military and provides benefits and services to veterans, including among other things, pension payments and health care. Upon information and belief, Defendant VA also compiles and maintains records of some or all active duty members of the United States military.

12.     Defendant R. James Nicholson is the duly-confirmed Secretary of United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

13.     Defendant Gordon H. Mansfield is the duly-appointed Deputy Secretary of the United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to

4

protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

14. Defendant John Doe is a long-time employee of the VA who was assigned as a data analyst. Upon information and belief, John Doe engaged in conduct tantamount to a willful and intentional disclosure of and failure to protect the private personal information of Mr. Hackett, Mr. Page and the approximately 28.5 million other veterans and active duty personnel. He is sued in his official and individual capacities.

### IV. STATEMENT OF FACTS

15. In connection with their honorable discharges after service with the United States Marine Corps and United States Navy, Plaintiffs were required to provide the VA with their private personal information, including Social Security numbers.

16. On or about May 22, 2006, Secretary Nicholson publicly announced through worldwide media outlets that the private personal information of approximately 26.5 million veterans discharged after 1975 had been disclosed. Secretary Nicholson identified the private personal information of these veterans disclosed as their names, dates of birth, Social Security numbers, and, in some instances disability ratings and certain medical information. Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson publicly announced that the files also contained these individuals' addresses and telephone numbers.

17. On or about June 6, 2006, Secretary Nicholson publicly announced that the disclosure affected a much broader scope of individuals that initially reported on May 22, 2006, involving information of both veterans and active duty personnel. Specifically identified were 1.1 million active duty personnel, 430,000 members of the

National Guard, and 645,000 members of the Reserves. The private personal information of these individuals disclosed included names, addresses, telephone numbers, dates of birth, Social Security numbers, disability ratings, and upon information and belief, certain medical information.

18. Secretary Nicholson reported the disclosure was connected to an alleged burglary of the home of Defendant John Doe. Upon information and belief, on or about May 3, 2006, John Doe, a data analyst and long-time VA employee, had removed VA files containing private personal information of more than 28.5 million veterans and active duty personnel from the VA facility and taken it to his home. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

19. Upon information and belief, John Doe was able to easily access computer files containing private personal information of 28.5 million veterans and active personnel copy the files from the VA's system onto external disks and his personal computer. Upon further information and belief, John Doe had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA. John Doe's access to and duplication of this information was a disclosure in violation of 5 U.S.C. § 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any

6

anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

20.    Upon information and belief, upon learning of the above-described disclosures, Secretary Nicholson and Deputy Secretary Mansfield unreasonably delayed reporting the disclosures to law enforcement agencies despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected veterans and active duty personnel. VA Inspector General George Opfer publicly stated that he was never formally notified of the disclosures, but rather heard about it through "gossip."

21.    Three weeks after the alleged burglary, on or about May 22, 3006, Secretary Nicholson advised media outlets that the 26.5 million veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. He urged the veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions." Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson advised media outlets that the disclosures involved nearly 2.2 million active duty members of the military as well. Upon information and belief, Defendants have not yet individually notified the affected veterans.

22.    Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office (GAO) gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform

7

gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of personal information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

23.  The unauthorized and unconsented disclosure of an individual's name, address, telephone number, date of birth and Social Security number creates a substantial risk of identity theft. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

24.  Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

25.  Defendants' unauthorized and unconsented disclosures of Plaintiffs private personal information and the imminent and substantial risk of identity theft to which Plaintiffs has been exposed is the direct result of Defendants' failure to:  (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or

hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans and active duty personnel with prompt and accurate notice of the disclosures.

26.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been exposed to a risk of substantial harm and inconvenience, and have incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

## V.  CLASS ALLEGATIONS

27.     Plaintiffs maintain this action on behalf of themselves and all individuals whose private personal information, including Social Security numbers, were disclosed by Defendants in May 2006 as described above.

28.     The members of the putative class are so numerous that joinder of individual claims is impracticable.  Moreover, there are significant questions of fact and issues of law common to the members of the putative class.  These issues include whether Defendants failed to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, whether such failure was willful and intentional, whether the putative class members were adversely affected, and whether they incurred actual damages as result.

29.     Plaintiffs' claims are typical of the claims of the putative class.  Plaintiffs and all members of the putative class have been adversely affected and damaged in that their private information has been compromised and stolen.

9

30.   The proposed class representatives will fairly and adequately represent the putative class because they have the class members' interest in mind, their individual claims are co-extensive with and identical to those of the class, and because they are represented by qualified counsel experienced in class action litigation of this nature.

31.   A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joinder of the claims of all members of the putative class is impracticable. Most members of the class are without the financial resources necessary to pursue this matter. Even if some members of the class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendants' actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

32.   The putative class may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants to follow.

33.   The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

10

34.     The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

## VI. STATEMENT OF CLAIMS

### COUNT ONE

35.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 34 herein above.

36.     The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Plaintiffs' Social Security numbers in violation of 5 U.S.C. § 552a(b).

### COUNT TWO

37.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 36 herein above.

38.     The foregoing acts and omissions of Defendant VA constitutes a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiff's private personal records in violation of 5 U.S.C. § 552a(e)(10).

### COUNT THREE

39.     Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 38 herein above.

11

40.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to privacy in their Social Security numbers under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FOUR

41.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 40 herein above.

42.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to personal security under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FIVE

43.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 42 herein above.

44.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe deprived Plaintiffs of their right to procedural and substantive due process under the Fifth Amendment to the United States Constitution.

## COUNT SIX

45.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 44 herein above.

46.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe were done in deliberate indifference to rights guaranteed to Plaintiffs under the Fourth and Fifth Amendments to the United States Constitution.

## VII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendants as follows:

a.     For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.     For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against anticipated threats or hazards to the security and integrity of these records.

c.     For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed class under the Court's supervision;

d.     For an award of damages for Plaintiffs and each affected class member in an amount no less than $1,000.00;

13

e.    For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the putative class in prosecuting this matter; and

f.    For an award of such other relief in law and equity to which Plaintiffs and the members of the putative class may be entitled under the premises.

Respectfully submitted,

**MEZIBOV & JENKINS, CO. L.P.A**

MARC D. MEZIBOV (Ohio Bar No. 0019316)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
mmezibov@mezibovjenkins.com

Attorney for Plaintiffs

Of Counsel:
**MEZIBOV & JENKINS, CO. L.P.A**
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
STACY A. HINNERS (Ohio Bar No. 0076458)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
cjenkins@mezibovjenkins.com
shinners@mezibovjenkins.com

**MURDOCK, GOLDENBERG, SCHNEIDER & GROH LPA**
JOHN C. MURDOCK (Ohio Bar No. 0063749)
JEFFERY S. GOLDENBERG (Ohio Bar No. 0063771)
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 345-8291
Telecopier: (513) 345-8294
jmurdock@mgsglaw.com
jgoldenberg@mgsglaw.com

14

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was filed with the Clerk and served to the following via regular U.S. mail on this 7th day of June 2006: John C. Murdock and Jeffery S. Goldenberg, 35 E. Seventh Street, Suite 600, Cincinnati, OH 45202; Alberto Gonzalez, United States Attorney General, Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, 110 West Vine Street, Suite 400, Lexington, KY 40507-1671; United States Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20420; R. James Nicholson, 810 Vermont Avenue NW, Washington, DC 20420; Gordon G. Mansfield, 810 Vermont Avenue NW, Washington, DC 20420.

_____

MARC D. MEZIBOV (Ohio Bar No. 0019316)